UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PAUL N. WARE and FINANCIAL SYSTEMS INNOVATION LLC, <br><br> Plaintiffs, <br><br> v. <br><br> AVIS BUDGET CAR RENTAL LLC., et al., <br><br> Defendants. | Case No.: 3:07-CV-01590-K <br><br> **JURY TRIAL DEMANDED** |

## BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO LIFT STAY

Plaintiffs Paul N. Ware and Financial Systems Innovation, LLC ("Plaintiffs") file this brief in support of their Motion to Lift Stay, showing the Court as follows:

### A. Procedural Background

This is a patent infringement action concerning United States Patent No. 4,707,592 ("the '592 Patent") filed September 17, 2007.

On February 28, 2008, the Court issued an order staying this matter "until the reexaminations in the United States Patent and Trademark Office bearing reexamination numbers 90/008,565 and 90/008,641 have been finally concluded and a Certificate of Reexamination has been entered into each action" and directed the clerk "to administratively close this case until such time that a party informs the Court that the Certificates of Reexamination have issued." (A true and correct copy of the Court's Order is attached hereto as Exhibit 1).

1

On April 24, 2007, a Request for *Ex Parte* Reexamination was filed by a third party requester, which was designated as Reexamination Control No. 90/008,565. This reexamination was granted on June 12, 2007. This request was subsequently merged with another request, Reexamination Control No. 90/008,641.

In April 2009, the USPTO issued a Notice of Intent to Issue *Ex Parte* Reexamination Certificate upholding the validity of the '592 Patent. The *Ex Parte* Reexamination Certificate issued on July 14, 2009. (A true and correct copy of the *Ex Parte* Reexamination Certificate is attached hereto as Exhibit 2). This concluded the reexaminations filed in April and May 2007.

Plaintiffs' motion to lift the stay should be granted now that the reexamination process has concluded. This Court ordered that this case be closed *until* a party informs the Court of the issuing of the Certificates of Reexamination. (Exhibit 1). The Certificates of Reexamination issued on July 14, 2009. This motion is to inform the court of such issuance and to lift the stay on litigation. Therefore, the motion to lift stay should be granted and the case re-opened because the Plaintiffs have fulfilled the requirements to lift the stay according to this Court's February 28, 2008 Order.

Further, Plaintiffs, who filed this lawsuit September 17, 2007, are entitled to a timely resolution of their claims. This is especially true here, where the inventor and co-plaintiff, Paul Ware, is over 71 years of age and has failing eyesight. It is more desirable for Mr. Ware, who will be a material witness, to go forward now, rather than later.

Certain defendants oppose this motion and seek to delay this case until the resolution of the *Markman* hearing of a lawsuit where the Plaintiffs have sued other defendants for infringement of the '592 patent in the Northern District of Georgia (the "Georgia Litigation").

The Georgia Litigation, like this case, has been stayed pending re-examination of the '592 patent. There, the parties did *Markman* briefing before the stay went into effect, but that briefing has become stale as a result of the passage of time, and since the briefing was done, several Federal Circuit decisions have been issued that have changed and/or clarified the law governing claim construction. (*See* Plaintiffs' letter to the Court in the Georgia Litigation, attached as Exhibit 3). The Court in the Georgia Litigation has not set any timetable for updated briefing, it has not set a date for a *Markman* hearing, and there is no indication of when it would enter a *Markman* order. Accordingly, if the stay is not lifted, the delay to this case would be indefinite.

Moreover, the defendants opposing lifting the stay in this case have not agreed to be bound by the outcome of the *Markman* hearing in Georgia. Defendants are trying to use the stay to their advantage, not only for delay, but also so they can hear the outcome of the *Markman* hearing, and then determine if they want to embrace the Georgia court's claim construction or request a new *Markman* hearing in this litigation. This should not be allowed.

This Court should not allow any more delay of the proceedings. The conditions of the stay order have been met, and the stay should be lifted. Discovery should proceed so that this case may be moved along and tried in a timely fashion as this Court requires. *See, e.g., Dondi Properties Corp. v. Commerce Savings and Loan Ass'n*, 121 F.R.D. 284, 286 (N.D. Tex. 1988) (en banc) ("We attempt to carry out our responsibilities in the most prompt and efficient manner, recognizing that justice delayed, and justice obtained at excessive cost, is often justice denied."). There is simply no reason that discovery cannot begin on damages and infringement issues, which will be required regardless of the outcome of any *Markman* hearing in the Georgia Litigation or elsewhere. In addition, particularly given that the '592 patent issued originally in

1987 and expired in 2005, the Plaintiffs face the danger of evidentiary prejudice from any further delay, such as the loss of important documents, witnesses becoming unavailable, and failing memories.

Defendants' opposition to the motion to lift stay is contrary to the clear language of the Court's February 28, 2008 stay order and is designed solely for delay. Therefore, the plaintiffs' motion should be granted.

WHEREFORE, Plaintiffs request that the Court enter an Order lifting the stay, placing the case on active status and administratively reopening it.

Respectfully submitted,

THE SIMON LAW FIRM, P.C.

/s/ Anthony G. Simon
Anthony G. Simon
Admitted *pro hac vice* (Mo. Bar #38745)
701 Market Street, Suite 1450
Saint Louis, Missouri 63101
P. 314.241.2929
F. 314.241.2029
asimon@simonlawpc.com

Craig Tadlock
TADLOCK LAW FIRM
311 Touchdown Drive
Irving, Texas 75063
P. (214) 663-4900
***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

On August 7, 2009 I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Anthony G. Simon
Anthony G. Simon, Mo. Bar #38745